## LANGE v. O'NEILL-ADAMS CO.

(Supreme Court, Appellate Term, First Department.　December 17, 1914.)

MASTER AND SERVANT (§§ 276, 278, 281*)—INJURIES TO CLERK IN STORE—CONDITION OF STAIRS—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE OF INJURY.

　　In an action by a dry goods clerk for injuries by falling down stairs with which the clerk was familiar, and which had been used by the public on a wet day, evidence merely that plaintiff slipped on the top steps, and that the steps were slippery, and that she caught her heel on the top step, and fell down the whole flight of stairs, and that the top step was broken in one place, and had a large hole in it, is insufficient to show negligence, or absence of contributory negligence, or that the hole in the step was the proximate cause of the injury.

　　[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 950–952, 954, 956–959, 960–972, 976, 977, 987–996; Dec. Dig. §§ 276, 278, 281.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Elizabeth Lange against the O'Neill-Adams Company. From an order granting a new trial, plaintiff appeals. Affirmed.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Samuel Ecker, of New York City (Jacob Stiefel, of New York City, of counsel), for appellant.

James B. Henney, of New York City (Edward E. Lindsay, of New York City, of counsel), for respondent.

WHITAKER, J. The action was for personal injuries caused by the alleged negligence of defendant. Plaintiff was employed in the dry goods store of the defendant and fell down stairs. The only testimony upon which the verdict of the jury could have been based is as follows:

"I started to walk down stairs, and just as I stepped down one step, the stairs were very slippery, and my heel caught in the top step, and I fell down the whole flight of steps. Q. State what was on the top step. A. Well, I slipped on the step. It was wet, and I fell down the whole flight of stairs. * * * The top step was broken in one place. It had a large hole in."

Plaintiff had noticed the condition of the step for four or five days. The evidence showed that the day of the accident was a wet one, and that many people came upon the steps from the street. The plaintiff was familiar with the condition of the stairs. We think that the evidence fails to establish negligence on the part of the defendant and freedom from negligence on the part of plaintiff, and it also fails to show that the alleged hole was the proximate cause of the injury.

Order affirmed, with costs. All concur.